## Bowermaster et al. v. Rice et al.

*M. Edna Hurst,* for petitioner; *Harvey B. Lutz,* contra.

ATLEE, J., January 10, 1931.—This matter comes before the court on the petition of James C. Rice, one of the defendants in the action of replevin, the other being W. G. Sweigart, constable, in which action John R. Bowermaster and the Conestoga Stone and Lime Company are plaintiffs. This defendant asks the court to quash the writ of replevin issued in the said suit, for the reason that the plaintiffs' replevin bond, executed with John C. Eidenmiller as surety, is not good for the sum of $2000; that is, for twice the affidavit value of $1000 fixed by the plaintiffs, because, as is alleged, the said John C. Eidenmiller has no real estate worth the required amount over and above the debts against it.

This raises the question: Is the inadequacy of the surety on a replevin bond ground for quashing the writ?

There are three reasons why a writ of replevin may be quashed:

(a) Because the bond is void, and, therefore, the writ was issued without the fulfillment of the essential prerequisite of a bond: Henry *v.* Weiden-

hamer et al., 14 Pa. Justices' Law Repr. 7; Sprague Sells Corporation *v.* Garrahan Canning Co., 11 D. & C. 659; Adams *v.* Young, 8 D. & C. 106; see section one of the Replevin Act; for a void bond is no bond, and this extends to the failure to furnish additional security when ordered by the court: Strouse *v.* McCouch, 10 W. N. C. 274.

(b) Because the writ is defective: Blake *v.* Fife, Sheriff, et al., 27 Pitts. L. J. 225.

(c) Because the writ has been issued in defiance of the Act of 1779: Yake *v.* Schmoll, 29 Dist. R. 107; and, therefore, is void: see Act of 1779, *supra,* chapter 11, section 20.

There is no other reason for quashing a writ of replevin. A writ of replevin may be quashed for technical irregularities in the proceeding only: Cummings *v.* Gordon, 29 Dist. R. 740.

It seems that exceptions to a plaintiff's bond in replevin should, in the first instance, be heard by the prothonotary: Hogg *v.* Washington Oil Co., 17 Dist. R. 118; and if either party is dissatisfied with the prothonotary's decision, he may appeal. But where an appeal from the prothonotary's decision would be cumbersome and dilatory, and the ends of justice would be defeated by remitting the parties to that remedy, the court will strike off the bond and direct new bail on a rule to show cause; for the Replevin Act does not limit the remedy for insufficient bail to the appeal from the decision of the prothonotary, and the practice of compelling additional security by rule to show cause antedates the Replevin Act. Where exceptions are sustained and additional security is ordered and not furnished, the writ may be quashed on motion, but the better practice would be to nonsuit.

Therefore, the court discharges the rule to show cause why the writ of replevin in this case should not be quashed.

From George Ross Eshleman, Lancaster, Pa.